Dear Mayor Beaugh:
This office is in receipt of your request for an opinion of the Attorney General in regard to a proposed ordinance to grant to the Board of Aldermen the right to terminate employment. The proposed ordinance provides as follows:
 By the affirmative vote of a majority of members of the Board of Aldermen, the employment of any employee of this municipality may be terminated for good cause.
 Good cause for such termination of employment shall include, but not be limited to the following conduct by a municipal employee, to-wit:
 (a) Theft or misappropriation of municipal funds or property;
 (b) Intentional harm to persons or damage to property;
 (c) Reckless disregard for safety of others or one's self;
 (d) Damage to property as a result of gross negligence or reckless behavior;
(e) Intoxication on the job;
(f) Use of illegal drugs; and/or
(g) Sleeping on the job.
 The foregoing list is only illustrative, and it shall not be deemed to be exclusive.
In Atty. Gen. Op. No. 90-112 this office was confronted with a similar problem. The question was the powers of the Board of Aldermen in a Lawrason Act community to hire, fire and regulate town employees. Certain proposed ordinances were presented that would create a committee with the power to hire, fire, investigate and discipline all employees of the town with a committee consisting of three aldermen and the mayor. This office concluded under R.S. 33:404 the mayor as the chief executive officer has the authority to appoint and remove municipal employees. It was stated, "While the aldermen can promulgate the policies and procedures for the hiring and firing, such as qualifications, limit the number, office hours (Atty. Gen. Op. Nos. 87-477, 86-325), they do not have the authority to do the hiring or firing.
In the more recent opinion of this office, Atty. Gen. Op. No. 94-385, the same conclusion was reached wherein it was observed that the Board of Aldermen are without statutory authority to remove the municipal clerk. It was noted that under R.S. 33:404 the mayor alone has the authority to appoint and remove employees subject to the policies and procedures promulgated by the Board of Aldermen, and this duty to enact policies and procedures does not extend to the right to make individual decisions.
The proposed ordinance gives the Board of Aldermen the power to terminate municipal employees by a majority vote. The ordinance is, therefore, in conflict with state law, and would be invalid.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General